J-S54017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JONATHAN HOLLIN WOLFRAM | |
| Appellant | No. 10 WDA 2017 |

Appeal from the Judgment of Sentence December 16, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000839-2013
CP-25-CR-0002133-2013

BEFORE:  OTT, J., MOULTON, J., and FITZGERALD, J.[*]

MEMORANDUM BY MOULTON, J.:                **FILED OCTOBER 13, 2017**

Jonathan Hollin Wolfram appeals from the December 16, 2016 judgment of sentence entered in the Erie County Court of Common Pleas following his revocation of probation.  Wolfram's appellate counsel has filed an **Anders**[1] brief and a petition to withdraw from representation.  We affirm and grant counsel's petition to withdraw.

The trial court set forth the history of this case in its Pennsylvania Rule of Appellate Procedure 1925(a) opinion, which we incorporate herein.  **See** Rule 1925(a) Opinion, 1/18/17, at 1-2 ("1925(a) Op.").

---

[*] Former Justice specially assigned to the Superior Court.

[1] **Anders v. California** 386 U.S. 738 (1967).

Because counsel has filed a petition to withdraw pursuant to **Anders** and its Pennsylvania counterpart, **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), we must address counsel's petition before reviewing the merits of Wolfram's underlying claim. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super. 2007). We first address whether counsel's petition to withdraw satisfies the procedural requirements of **Anders**. To be permitted to withdraw, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*).

Here, counsel has stated that after a conscientious examination of the record, she believes this appeal would be wholly frivolous. Pet. to Withdraw, 6/1/17, at 1. Counsel furnished a copy of the **Anders** brief to Wolfram, as well as a letter advising Wolfram that he could seek new counsel or proceed *pro se*. We conclude that counsel's petition to withdraw complies with the procedural dictates of **Anders**.

We next address whether counsel's **Anders** brief meets the requirements established by the Pennsylvania Supreme Court in **Santiago**. The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Counsel's brief provided a summary of the procedural history and the facts with appropriate citations to the record. *Anders* Br. at 4-6. Counsel's brief states that she reviewed the record and determined that any appeal would be frivolous, and set forth her reasons for that conclusion. *Id.* at 8-9. Accordingly, counsel has substantially complied with the requirements of *Anders* and *Santiago*.

Wolfram has not filed a *pro se* brief or a counseled brief with new, privately-retained counsel. We, therefore, review the issue raised in the *Anders* brief.

Wolfram raises the following issue: "Whether the sentence of the trial court is manifestly excessive, unreasonable and inconsistent with the objectives of the Sentencing Guidelines given the fact that the trial court did not give consideration to mitigating factors presented to the court by [Wolfram]." *Anders* Br. at 3.

Wolfram is raising a challenge to the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Allen*, 24

A.3d 1058, 1064 (Pa.Super. 2011). Before we address such a challenge, we determine:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the [S]entencing [C]ode.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super. 2013) (quoting *Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa.Super. 2006)).

Wolfram has timely appealed and has included a concise statement of reasons relied upon for allowance of appeal in his brief. Wolfram, however, did not preserve his issue in his post-sentence motion or at the time of sentencing. *See Commonwealth v. Lamonda*, 52 A.3d 365, 371 (Pa.Super. 2012) ("Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings.") (quotation omitted). Wolfram has, therefore, waived his sentencing claim.

Further, Wolfram has failed to raise a substantial question for our review. A substantial question exists where a defendant raises a "plausible argument that the sentence violates a provision of the [S]entencing [C]ode or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa.Super. 2013) (quotation omitted). Additionally, "this Court has held on numerous

- 4 -

occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." ***Commonwealth v. Caldwell***, 117 A.3d 763, 769 (Pa.Super.) (quoting ***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa.Super. 2013)), *app. denied*, 126 A.3d 1282 (Pa. 2015). Therefore, Wolfram's claim that the trial court did not properly consider mitigating factors does not raise a substantial question for our review. ***See id.***

Even if Wolfram had preserved his issue and raised a substantial question, we would conclude it lacks merit. In its Rule 1925(a) opinion, the trial court applied the relevant law and concluded that there were substantial reasons for the sentence imposed and that it considered the mitigating factors presented via post-sentence letters. We agree with, and adopt, the well-reasoned opinion of the Honorable William R. Cunningham. ***See*** 1925(a) Op. at 3-9. Further, at the revocation hearing, the trial court stated that it read the revocation summary and the pre-sentence report,[2] listened to the evidence presented, and explained the concerns it had in regards to Wolfram.

---

[2] "Where pre-sentence reports exist, we . . . presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Macias***, 968 A.2d 773, 778 (Pa.Super. 2009) (quoting ***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988)).

Judgment of sentence affirmed. Petition for leave to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/13/1027

Circulated 10/04/2017 10:47 AM

COMMONWEALTH OF PENNSYLVANIA    IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA

v.    2017 JAN 18 PM 2:36   CRIMINAL DIVISION

JONATHAN WOLFRAM    ERIE COUNTY NO. 839 OF 2013; 2133 OF 2013
CLERK OF COURTS
ERIE, PA 16501

## RULE 1925(A) OPINION

The presenting matter is an appeal from a sentence imposed after a revocation and re-sentencing.

Appellant raises two sentencing issues on appeal. First, Appellant makes a boilerplate allegation there was an abuse of sentencing discretion without elaborating the basis for the claim. Secondly, Appellant contends there was an abuse of sentencing discretion for failure to grant greater weight to post-sentencing letters submitted on Appellant's behalf.

Appellant has failed to raise a substantial question preserving appellate review of the discretionary aspects of his sentence. On the merits, the basis for Appellant's sentence was amply supported by the evidence and reasons of record.

## PROCEDURAL HISTORY

On July 9, 2013, Appellant entered a guilty plea to one count of Unauthorized Use of a Motor Vehicle at Docket Number 839 of 2013. He also pled guilty to one count of Theft by Receiving Stolen Property at Docket Number 2133 of 2013. The victim in both cases was Appellant's grandmother.

Appellant was sentenced at both dockets on September 11, 2013 by Judge Shad Connelly. At DN 839 of 2013, Appellant was sentenced to 24 months of restrictive intermediate punishment beginning with 3 months of electronic monitoring followed by 3 months of intensive supervision. He was ordered to perform 100 hours of community service, obtain employment,

write a letter of apology to the victim and make restitution of $3,185.09. At DN 2133 of 2013, Appellant received 30 months of probation consecutive to DN 839 of 2013 and restitution to his grandmother of $3207.27.

Immediately after his sentencing Appellant fled to North Carolina, where he hid until he was arrested on August 3, 2016. Appellant contested extradition, so a Governor's Warrant eventually resulted in his extradition to Pennsylvania in November, 2016. At a hearing held on December 16, 2016, Appellant's restrictive intermediate punishment and probationary sentences were revoked and he was resentenced to a period of incarceration.

Appellant filed a Motion for Reconsideration, which was denied. This timely appeal followed.

## FAILURE TO PRESERVE APPELLATE REVIEW

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. *Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014); *Commonwealth v. Cunningham*, 805 A.2d 566, 575 (Pa.Super. 2002). Challenges to the discretionary aspects of sentencing are not appealable as of right. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super. 2000). For jurisdictional purposes, an appellant must demonstrate there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 A.2d 617, 621-622 (2002).

A substantial question exists only when the appellant advances a colorable argument the sentence was either (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. *Id.* A claim of an excessive sentence due to a failure to consider mitigating factors can raise a substantial question. *Commonwealth v. Samuel*, 102 A.3d 1001, 1007 (Pa. Super. 2014), *appeal denied*, 134 A.3d 56

2

(Pa. 2016). However, a claim of inadequate consideration of mitigating factors does not raise a substantial question for appellate review. *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013), *citing Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa.Super.2010).

Appellant's bare assertion that the Court did not adequately consider mitigating factors does not arise to a substantial question for review.

## THERE WERE SUBSTANTIAL REASONS FOR THE SENTENCE IMPOSED

This is not a case about simple, technical violations of probation. Instead, this is a case about a person with prior property offenses as a juvenile and adult. He has been convicted of various crimes in North Carolina, Ohio and Pennsylvania. Appellant has a history of abusing alcohol and using heroin.

His latest victim was Margaret Carter, Appellant's 85 year-old grandmother. Appellant knew she was a widow who lived alone when he committed his crimes at her home in both of these cases. The description of Appellant's offense at Docket Number 839 of 2013 as reported in his Pre-Sentence Investigation reads:

> "On December 26, 2012, Margaret Carter reported to Erie Police that her 2009 Buick Lucerne was missing from her garage, located at 344 East 8th Street. She suspected that her grandsons, Jonathan and Matthew Wolfram (age 15) may have been involved. The victim and other family members soon found that the suspects were in North and South Carolina. Police Officers in Myrtle Beach, South Carolina obtained a video from a McDonald's restaurant that showed Jonathan Wolfram driving the stolen Buick at the drive-through window on December 30, 2012. The police report indicates that the Defendant was apprehended by West Virginia State Police on January 7, 2013 and the stolen vehicle was recovered."

*Pre-Sentence Investigation, p. 2.*

Appellant callously victimized his elderly grandmother the day after Christmas and continued to do so throughout the holiday until he was arrested nearly two weeks later. This crime was after Appellant had already stolen coins, jewelry and silver from Margaret Carter on

3

November 26, 2012, four days after Thanksgiving.. He was ordered to pay restitution in the amount of $3,207.27 at this docket.

Margaret Carter's sole source of income was Social Security. She "scrimped and saved" "to buy the first car I ever owned". *Revocation Hearing Transcript, December 16, 2016, p. 14.*

In the victim's words, "No one will ever know what a devastating effect the crime has had on me. While I was still able to drive and be independent, I was enjoying life at age eighty-five. My auto had approximately five thousand miles on the speedometer. When it was returned, it had five thousand more miles on it. I became very ill over the ordeal." *Id.*

In Ms. Carter's words, Appellant's crime affected her independence and the enjoyment of life at age 85. She described her fear, anxiety, sadness and difficulty trusting people. She was rightfully angry. Her ability to concentrate and recall were affected. Her ability to perform basic responsibilities was impaired. It was even hard for her to maintain friendships. *Id.*

Despite the above circumstances, Appellant was given a lenient sentence of community supervision at his original sentencing on September 11, 2013. It was a sentence that gave Appellant every opportunity to make the changes he needed to lead a law-abiding life and to address the harm he had twice inflicted on his grandmother.

The combined amount of restitution Appellant was under court order to pay his grandmother was $6,392.36. He never paid her a dime nor authored a letter of apology to her. Appellant did not submit to electronic monitoring or subject himself to the court-ordered intensive supervision. Appellant did not do any community service hours or pay toward his court costs. Appellant never turned himself into authorities. Instead he fled the jurisdiction as fast as he could.

4

Appellant remained at large for nearly three years. He was unaccountable to authorities during this entire time. There is no documentary evidence of any substance abuse treatment he participated in or completed. He did not submit to verifiable drug-testing.

Appellant had no intent to return to Pennsylvania to satisfy the terms of his sentence, including his debt to his grandmother, whose twilight years were devastated by him. *Revocation Hearing, December 16, 2016, p.13.*

When he was finally caught in August, 2016, Appellant contested his extradition to Pennsylvania. While he was free to do so, despite his personal knowledge that he is the person wanted in Pennsylvania for twice victimizing his grandmother, the taxpayers had to incur the costs of his return to this Commonwealth. Appellant's conduct was further evidence of his continued effort to avoid compliance with any term of his sentences.

To accept Appellant's conduct is to create the precedent that despite a history of crimes as a juvenile and adult in 3 different states; a history of heroin and alcohol abuse; the traumatic victimization of a vulnerable victim; and the leniency of a community-based sentence with an opportunity to make amends for criminal acts, a sentenced defendant can immediately flee to another state, remain unaccountable and hide out with the intent never to return to Pennsylvania or comply with any term of a sentence. This type of precedent could only encourage other sentenced defendants to immediately flee to other jurisdictions in hopes of never being held responsible or satisfying any legal responsibilities.

There was no abuse of discretion in holding Appellant accountable for his intentional and lengthy defiance of judicial authority and his legal responsibilities. Appellant's sentence at DN 839 of 2013 was 11-22 months incarceration with credit for time served. At DN 2133 of 2013, he received 2 to 4 years of incarceration to be served consecutive to DN 839. Notably, the

5

aggregated minimum sentence corresponds to the amount of time Appellant was a fugitive, which time would have been longer had he not been arrested in North Carolina.

## APPELLANT'S POST-SENTENCE SUBMISSIONS DID NOT OUTWEIGH THE REASONS FOR APPELLANT'S SENTENCE

Appellant's alleges that his post-revocation submissions were not given the proper weight. Appellant implies the fact his revocation proceeding was continued from December 14, 2016 to December 16, 2016, deprived his witnesses of the ability to appear in person to testify on his behalf. There is no evidence whatsoever of this latter contention, which will be addressed first.

It is undisputed Appellant fled to North Carolina where he remained a fugitive until his arrest by the police in North Carolina on August 3, 2016, a period of nearly three years. Over Appellant's opposition he was eventually extradited to Pennsylvania, returning to Erie County on November 14, 2016. By notice dated November 16, 2016, Petitioner was informed of a revocation hearing scheduled for December 14, 2016 before this Court.

Because of a family medical emergency which required this Court's involvement, on December 13, 2016 this Court re-scheduled Appellant's hearing from December 14 to December 16, 2016, a delay of two days. There is no evidence proffered by Appellant that this last- minute scheduling change affected the travel plans of any witnesses for Appellant.

Appellant did not call any witnesses or present any supporting documents at his hearing on December 16, 2016. Importantly, Appellant did not make any representation at the hearing that he had witnesses who could not appear in person because of the change in hearing dates. Appellant did testify about various matters, including his sobriety, employment and role as a

6

father. It is true this Court observed there was no corroboration for Appellant's testimony because in fact there was no corroborating evidence presented by Appellant.

Appellant filed a Motion for Reconsideration on December 21, 2016, attaching thereto an email from Appellant's purported employer dated December 20, 2016; an email from Appellant's girlfriend dated December 20, 2016; an undated, handwritten letter purporting to be from Appellant's father; and a handwritten letter dated December 20, 2016 purporting to be from Appellant's mother. Each of these submissions was read by this Court prior to denying Appellant's Motion for Reconsideration.

Notably, none of Appellant's submissions in his Motion for Reconsideration were dated before his revocation hearing. Not one of the authors stated, referenced or even inferred his or her intent to appear in person at Appellant's revocation hearing on December 14 or December 16. None of these authors represented they were coming to the December 14 hearing but could not make the December 16 hearing.

Appellant's girlfriend and employer had to know in early August of Appellant's arrest. Because they vouched for their knowledge of Appellant's activities in North Carolina, presumably Appellant's parents learned of Appellant's arrest prior to his extradition to Pennsylvania. In any event, each of these authors had ample time to make arrangements to appear on Appellant's behalf on December 14 or December 16 or to submit written letters of support before Appellant's revocation hearing. Their failure to appear on December 16 or write letters beforehand had nothing to do with the two-day change of Appellant's hearing date. Appellant's attempt to portray the change in hearing dates as the reason he was deprived of the ability to present evidence is unfortunate.

7

There were a number of reasons this Court gave Appellant's post-hearing submissions little weight.

None of the submissions were authenticated. Accepting as true the authors were as represented, there was no explanation why each author could not have provided this information at Appellant's hearing or by prior written submission. The tardiness of these documents lends the appearance of their content being an afterthought.

Neither of Appellant's parents lived with Appellant in North Carolina and thus there was no firsthand basis for their observations of Appellant. In large part they only knew what Appellant was telling them he was doing. By his own admission, Appellant's father has a criminal record and his incarceration caused him to miss a substantial period of time with Appellant. Both parents knew of Appellant's criminal history and his fugitive status, yet there is no evidence of their encouragement to Appellant to report to authorities. It is also bothersome that neither parent evinced any sympathy for or even mentioned Margaret Carter, who was the mother to one of Appellant's parents.

Appellant's girlfriend was directly complicit in harboring a known fugitive. Unquestionably, Appellant's parents and girlfriend enabled Appellant's fugitive status, continuing to acquiesce to Appellant's intentional defiance of the terms of his sentence and his obligation to make restitution to a traumatized, elderly victim. Appellant's girlfriend also has a number of personal motives that are irrelevant to Appellant's conduct for sentencing purposes and contrary to the interests of the victim of his crime.

None of Appellant's witnesses could truly vouch for his rehabilitation from substance abuse. Heroin is a powerful drug that requires more rehabilitation than what Appellant described. At no time was Appellant ever drug-tested to verify his abstinence while he was on the run.

8

In denying Appellant's Motion to Reconsider, this Court determined that even accepting as true Appellant's alleged sobriety, work history and responsible lifestyle, these factors were clearly outweighed by the reasons set forth at the time of Appellant's revocation hearing and as detailed in the preceding section of this Opinion.

## CONCLUSION

Appellant's singular focus in this appeal is on himself. The global picture of Appellant's circumstances, as he created them, substantiates the basis for the sentence imposed.

BY THE COURT:

Date: ___1/18/17___

WILLIAM R. CUNNINGHAM, JUDGE

cc:    District Attorney's Office
       Maria Goellner, Esquire, Public Defender's Office